**SHERMAN, Tee. v CHERRINGTON, Admr.**

Ohio Appeals, 2nd Dist, Franklin Co
No. 2029. Decided July 1, 1931

Hamilton & Kramer and Arthur Wiles, for Sherman, Tee.

M. F. Merriman and R. B. Baldwin, Columbus, for Cherrington, Admr.

ALLREAD and HORNBECK, JJ (2nd Dist), and LEVINE (8th Dist), sitting.

ALLREAD, J.

A petition in error has been filed. The first question is the statute of limitation. The written contract was performed by the exchange of real estate by deed made shortly after the execution of the contract of sale.

The deeds, offered in evidence for the respective tracts of real estate, were executed in the form provided by law and the contract was fully executed more than six years before the beginning of the present action. There is no date of any contract involved in the action later than October 14th, 1923. There is no date fixed for the performance thereof in any contract later than November 1, 1923.

The only contention. is that there were verbal contracts made as supplementary to the written contract had been agreed which materially changed its terms and provisions. That is one of the contentions upon which the plaintiff in the court below and in this court relied. If any such verbal contract was made it must have been made contemporaneous with the execution of the written contract and in the absence of some averment in the petition, or amended petition showing that the contract was executed at a later date it must be presumed to have been made and executed concurrently with the written contract.

In order to make the case against the statute of limitations it would be necessary to prove some verbal contract was executed later than June 19, 1924, or at least was to be performed on or subsequent to said date. We do not find that the facts in the case justify a holding that the statute of limitations had not operated before the bringing of the present action.

There are vague allegations in the petition that contemporaneous with the contract certain verbal agreements between the parties were made tending to create a different obligation than the written contract. It is alleged among other things that the contract provided as to the amount of the liens to be met and also as to the giving of new mortgages on the Crellin tract.

We are clear that none of these verbal agreements are sufficient to create an obligation against Crellin. The conveyance of the tracts of real estate was made a short time after the written contract and from the date of the completion of the contracts the statute of limitations would run against the verbal contracts therein provided for. This would be especially true as to the verbal agreement in respect to the sale of the chattel property. There is nothing in the written agreement covering this. sale and there is a presumption that it was complied with at the time of the exchange of the deeds and any suit upon this verbal contract would be barred within the period of six years.

There is another question which is based upon the written contract which provides that the first mortgage to the Building and Loan Company was $9,000.00. The proof tends to show that the first mortgage was $9,445.00. The written contract provided that the second mortgage to John Love, was for the sum of $2,000.00, whereas it was for an amount in excess of the sum of $4,000.00.

When the mortgage was attempted to be renewed it was found that a first mortgage could be negotiated for the sum of $8400.00 and that a second mortgage could be negotiated for the sum of $4,000.00 and that for securing the second mortgage, a commission of $1,000.00 was charged and that the said Fords were compelled to pay such amount. The trial court excluded the evidence tending to prove that the Fords were compelled to pay this commission. We cannot escape the view that in this ruling the trial court committed prejudicial error.

In addition to this item it appears that the written contract tends to prove that the said Crellin by his written agreement stipulated that the mortgages on said farm in Delaware County, Ohio, were in favor of the Buckeye Building & Loan Company for the sum of $9,000.00. And also the second mortgage in favor of Love on said farm was for an additional sum of $2,000.00. To the extent that the evidence tended to prove the violation of the written contract,

the case should have gone to the jury.

We have examined the pleadings and also the evidence and we think these questions were for the jury to determine and that the court was in error in instructing a verdict in favor of the defendants.

The judgment of the Court of Common Pleas is therefore reversed upon the grounds herein stated and the cause should be remanded for the purpose of a retrial upon these issues.

Judgment reversed and cause remanded.

HORNBECK and LEVINE, JJ, concur.